IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:18-cr-123 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for |
| Thomas Waldon, | : | Compassionate Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Thomas Waldon's *pro se* Motion for Compassionate Release (Doc. 97) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Waldon's appointed counsel has filed a Supplemental Memorandum (Doc. 102) in support, and the Government has filed a Response (Doc. 103) in opposition. For the reasons that follow, the Court will **DENY** the Motion for Compassionate Release.

**I.     BACKGROUND**

On September 12, 2018, Thomas Waldon was charged in an Indictment with conspiracy to distribute fentanyl along with two co-defendants, Larrin Lewis and Alexis Woods-Porter. (Doc. 14.) Specifically, Waldon was charged on the following counts:

Count One: Conspiracy to possess with intent to distribute and to distribute 40 grams or more of a mixtures or substances containing fentanyl in violation of 21 U.S.C. § 846;

Count Four: On or about July 24, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2;

Count Five: On or about July 26, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2;

>Count Six: On or about July 31, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2;
>
>Count Seven: On or about August 2, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2;
>
>Count Eight: On or about August 8, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2;
>
>Count Nine: On or about August 10, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2;
>
>Count Ten: On or about August 15, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2; and
>
>Count Eleven: On or about August 21, 2018, distribution of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2.

(Doc. 14 at PageID 94–98.) Waldon was arrested, but he was released on his own recognizance on September 14, 2018 pending trial. (Doc. 20 at PageID 106.) Magistrate Judge Stephanie K. Bowman revoked his bond and detained him for trial on September 24, 2018 after finding clear and convincing evidence that he violated the terms of his bond. (Doc. 35 at PageID 148.)

In January 2019, Waldon entered into a Plea Agreement with the Government, and he pleaded guilty to Count One of the Indictment. (Docs. 47, 49.) As part of sentencing, the Probation Officer determined in the Presentence Report ("PSR") that Waldon had an offense level of 31 and a criminal history category of VI. (PSR at 27.) Waldon's extensive prior criminal history included convictions for aggravated robbery, felonious assault, attempted escape, possession and trafficking of cocaine, resisting arrest, and domestic violence. (*Id.* at 13–22.) He had been incarcerated for several offenses, including for drug offenses. (*Id.*)

The applicable U.S. Sentencing Guidelines sentencing range was 188 to 235 months. (*Id.*

at 27.) However, the parties agreed to recommend that he not be sentenced as a career offender, which reduced the applicable sentencing range to 110 to 137 months. (*Id.* at 29–30.) On July 19, 2019, the Court sentenced Waldon to a term of 90 months imprisonment. (Doc. 74 at PageID 257–258.) Waldon is incarcerated at FCI Gilmer and has an estimated release date of February 4, 2025. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last viewed August 16, 2021.)

On December 14, 2020, Waldon moved the Court for compassionate release based on his fear of contracting serious illness or death from exposure to COVID-19.[1] Counsel was appointed for Waldon pursuant to Amended General Order 20-21 of the Southern District of Ohio on December 17, 2020. (Doc. 99.) Defense counsel filed a Supplemental Memorandum on June 16, 2021. The Government filed its Response in opposition to an early release on June 21, 2021.

## II. STANDARDS OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—

---

[1] Waldon properly had requested compassionate release from the warden at FCI Gilmer before seeking relief in this Court, but the warden denied his request on November 20, 2020. (Doc. 97 at PageID 395, 397.)

>  (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

When an inmate has exhausted his administrative remedies, as is the case here, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1106 (6th Cir. 2020).[2] The factors referenced in § 3553(a) include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). District courts

---

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

Waldon initially moved for compassionate release on the grounds that FCI Gilmer was doing an inadequate job of protecting inmates from the risk of serious illness or death posed by COVID-19. COVID-19 is caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020. Courts in the Sixth Circuit have held that the existence of COVID-19 in society and the generalized risk of contagion in prisons standing alone are not sufficient to constitute extraordinary and compelling reasons for a reduction in sentence under § 3582(c). *See, e.g.*, *United States v. Santos*, No. 2:14-CR-4, 2020 WL 7767621, at *3 (S.D. Ohio Dec. 30, 2020) ("[T]his Court is not inclined to find that extraordinary and compelling reasons warrant an inmate's release unless COVID-19 presents a particularized risk to that inmate."); *United States v. Parks*, No. 3:18-CR-006, 2020 WL 7364982, at *3 (E.D. Tenn. Dec. 15, 2020) ("[T]he COVID-19 pandemic cannot alone justify compassionate release.").

Waldon asserted to the warden of FCI Gilmer, and then to this Court, that he suffers from asthma, high blood pressure, and being overweight. (Doc. 97 at PageIID 397.) His prison medical records indicate that he has hypertension and asthma. (*Id.* at PageID 398–408.) The Centers for Disease Control has identified moderate-to-severe asthma and hypertension as conditions that can make adults "more likely to get severely ill from COVID-19." CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last viewed August 16, 2021). The Court need not address hypothetical risks in this case, however.

Waldon contracted COVID-19 in late December 2020.  (Doc. 102 at PageID 418.)  Defense counsel asserts that he received no medical treatment at FCI Gilmer for COVID-19 other than his asthma inhaler.  (*Id.* at PageID 418.)  Based on a medical screening form completed by a jail physician, Waldon presented no symptoms and appeared to have recovered by January 15, 2021.  (Doc. 103-2 at PageID 512.)  Waldon's counsel failed to add that Waldon received two doses of the Pfizer vaccine in April 2021.  (Doc. 103-2 at PageID 537–539.)  In these circumstances, where Defendant has recovered from COVID-19 and received the Pfizer vaccine, the Court concludes that the health threat posed by COVID-19 does not present an extraordinary and compelling reason to grant Waldon a compassionate release from prison.  *See, e.g.*, *United States v. Littles*, No. 15-20317, 2020 WL 4346962, at *1, 4 (E.D. Mich. July 29, 2020) (denying compassionate release to a COVID-19-recovered inmate); *United States v. Roe*, No. 2:14-cr-229, 2021 WL 1711296, at *2 (S.D. Ohio April 30, 2021) (denying compassionate release to an inmate who had recovered from COVID-19 and then was fully vaccinated).

Defense counsel also asserts that Waldon has been subjected to "horrendous conditions of confinement" because of the pandemic, including "continuous 24-hour lockdown" and limits on the number of showers, warm food, and access to recreation.  (Doc. 102 at PageID 416.)  He suggests that Waldon should be released because serving a term of incarceration during the pandemic has been more difficult than serving a term of incarceration before COVID-19.  The Court will not minimize the difficulties that Waldon has faced as a federal inmate.  However, he cites no caselaw in which a court has granted compassionate release on the basis of COVID-19 hardship time.  Moreover, his argument cannot be considered an "extraordinary" basis to grant compassionate release to Waldon because every inmate serving a term of incarceration during this pandemic could make a similar argument.

Finally, the § 3553(a) factors weigh against granting Waldon a compassionate release. Waldon pleaded guilty to conspiracy to possess with the intent to distribute and to distribute fentanyl, a serious offense. This Court already sentenced to Waldon to a term of imprisonment below the sentencing range recommended under the Sentencing Guidelines. His personal history indicates that he has a high risk of recidivism. Earlier terms of incarceration for drug trafficking and other offenses, including assault and domestic violence, did not deter Waldon from committing the offense for which he now is imprisoned. Also, when the Magistrate Judge released Waldon on his own recognizance before he pleaded guilty, Waldon violated the terms of his release and had to be re-detained. Finally, he does not have a history of lawful employment to which he can return when he is released. It would not be appropriate to reduce Waldon's sentence in these circumstances.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge